# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 24-1209V

REGINA JAMES,

                       Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                       Respondent.

Chief Special Master Corcoran

Filed: June 22, 2026

*Isaiah Kalinowski, Bosson Legal Group, Fairfax, VA, for Petitioner.*

*Alyssa M. Petroff, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 8, 2024, Regina James filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of receiving an influenza vaccine on February 3, 2023. Petition at 1, 4; Stipulation, filed at February 20, 2026, ¶¶ 1, 2. On March 6, 2026, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 37.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,618.47 (representing $34,714.10 in fees plus $904.37 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed February 28, 2026, ECF No. 35. Furthermore, counsel for Petitioner filed a signed statement stating that Petitioner incurred no personal out-of-pocket expenses. ECF No. 35-2.

Respondent reacted to the motion on March 6, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Response at 2-4, ECF No. 30. That same day Petitioner filed a Reply requesting the fees and costs were reasonable and be awarded as the fees and costs requested are reasonable. ECF No. 38.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2025 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $558.00 for 2026 work performed by attorney Isaiah Kalinowski, representing a rate increase of $54.00 from the previous year. I find the proposed rate to be reasonable and hereby award it herein. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 35-1 at 19-35. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $35,618.47 (representing $34,714.10 in fees plus $904.37 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master